[No. 34541.   Department Two.   July 3, 1958.]

JOHN M. MOORE et al., *Respondents*, v. IRA DARK et al., *Appellants.*[1]

¹Reported in 327 P. (2d) 429.

*Clegg & Hickman,* for appellants.

*Hamblen, Gilbert & Brooke* and *Philip H. Faris,* for respondents.

ROSELLINI, J.— The transaction involved in this suit took place between John M. Moore and Ira Dark, and they will be referred to herein as the plaintiff and the defendant.

The suit is upon a check in the amount of $2,200, which the defendant issued to the plaintiff, a wholesale and retail automobile dealer in Spokane, as part payment for a 1956 Packard Clipper automobile, according to the terms of a purchase order, which recited that the balance of the purchase price was covered by a trade-in allowance on a 1953 Packard automobile. The principal defense was that the check had been given for security purposes only, and that the defendant's obligation had been terminated because the principal debtor had been released.

Over the objections of the plaintiff, the court admitted the defendant's evidence regarding the oral understanding between the parties, but at the close of the case, determined that the evidence was inadmissible under the parol evidence rule and found that, as a matter of law, the defendant had failed to establish a defense. Accordingly, a verdict was directed in favor of the plaintiff.

The transaction came about in the following manner. The defendant, desiring to purchase a new Packard Clipper, contacted one Patrick, an automobile dealer in Colfax, who in turn contacted his supplier in Spokane, the plaintiff, and was told that an automobile meeting the defendant's desires was available. He thereupon entered into a contract to sell the defendant an automobile of the specified description and accepted a $500 down payment. A few days later, the defendant transferred title to his 1953 Packard to Patrick, paid him the balance of the purchase price, $1,700, by check, and received a signed application for certificate of title to the new automobile.

Patrick sent his salesman with the defendant to Spokane to take delivery of the automobile at the plaintiff's place of

business. The salesman drove the defendant and his family in the 1953 Packard, and took with him Patrick's check, payable to plaintiff, for $3,092.30—the agreed sale price to Patrick for the 1956 Packard. When they arrived, the defendant was asked to wait in the reception room. The plaintiff called the bank on which the Patrick check was drawn and, upon learning that there were insufficient funds to cover it, called Patrick and advised him that he could not deliver the automobile until he was assured of payment.

Patrick, after spending the day making unsuccessful attempts to cover the check, advised the plaintiff that he was unable to do so on that day. The plaintiff then informed the defendant that the Patrick check was not good and that he would not relinquish possession of the automobile unless he was assured of payment. He offered to sell the automobile direct to the defendant on the same terms offered by Patrick. The purchase order was drawn up accordingly, and the defendant gave the plaintiff his check, drawn without restrictions as to payment, in the amount of $2,200, and accepted delivery of the automobile. At the same time, he called his bank and stopped payment on the $1,700 check he had given Patrick that same day. The 1953 Packard was left with the plaintiff. On his way home, the defendant stopped at Patrick's place of business; and on Patrick's assurance that he had talked with the plaintiff and that his $2,200 check payable to plaintiff would not be used, the defendant stopped payment on it and released for payment the $1,700 check he had given Patrick. The plaintiff was not notified of this fact.

The defendant's evidence which was eventually stricken by the trial court was that the plaintiff assured him that his check would not be used unless Patrick's $3,092.30 check was not made good within a reasonable time, and that he, the plaintiff, was confident that the check would be covered. His evidence showed that when it became apparent that Patrick was insolvent and would not be able to raise the funds to cover his check, the plaintiff released him from his obligation and told him he would look exclusively to the defendant for payment.

■ The defendant presents a number of theories under which he contends that the evidence of the true nature of the transaction was admissible. We find it unnecessary to discuss these theories, since the evidence, if it is admissible, fails to establish a defense to the action. If the defendant's check was not to be used unless Patrick should fail to make his check good within a reasonable time, as the defendant asserts, his obligation matured when, if not before, it became certain that the check was not to be honored. When the plaintiff, on learning of this fact, turned to the defendant for payment, he was proceeding according to the terms of the alleged understanding.

■ The defendant is not saved by the fact that the plaintiff released Patrick, assuming the defendant's designation of Patrick as his "principal" to be theoretically correct, because the release of the principal does not release the surety if the creditor expressly reserves his rights against the surety, which the plaintiff did in this case. Restatement, Security, 322, § 122. Arant, Suretyship, 183, § 50. This is because, where the creditor thus reserves his right to proceed against the surety, the right of the latter to obtain reimbursement from the principal is also preserved. Whether we accept the theory of the defendant (that title passed to Patrick and he was required to pay a part of Patrick's debt to the plaintiff) or the theory of the plaintiff (that the automobile was sold to the defendant, not by Patrick, but by the plaintiff), the defendant is entitled to restitution of the sum which he paid Patrick, which is the exact amount the plaintiff claims in this action.

While actual fraud is not alleged, the defendant maintains that the plaintiff is estopped to assert his claim, because of certain representations made to the defendant, which he claims induced him to rely on the word of Patrick and stop payment on the check he had given the plaintiff.

■ Three things must occur to constitute an estoppel *in pais*: (1) An admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and

(3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act. *Krenov v. West Coast Life Ins. Co.*, 48 Wn. (2d) 180, 292 P. (2d) 209.

■  The statements of the plaintiff which are relied upon in this case to create an estoppel were allegedly made to the defendant at the time he gave his check and took delivery of the automobile. The defendant testified that the plaintiff told him that Patrick was a reliable man who could be depended upon to fulfill his obligations, and that he should stop by Patrick's place of business on the way home and learn what was to become of the transaction. However, in spite of these assurances of the reliability of Patrick, the plaintiff was unwilling to depend upon him and exacted security from the defendant, which, according to the defendant's testimony, was to be used only if the Patrick check was not made good. The defendant knew that there were insufficient funds to pay Patrick's check on the day of the transaction. He testified that the plaintiff told him to ascertain from Patrick what was going to be done about the transaction. However, there was no suggestion in his testimony that the plaintiff authorized him to stop payment on the $2,200 check and to release for payment the $1,700 check if Patrick advised him that the $3,-092.30 check would be paid.

The assertion that the plaintiff guaranteed the reliability of Patrick is a direct contradiction of the defendant's version of the transaction, that he gave his check to the plaintiff as security for Patrick's obligation.

Had the defendant refused to release payment on his check to Patrick until Patrick's check to the plaintiff had been made good, he would have lost nothing more than the five hundred dollars which he had previously paid to Patrick, and the loss of which he had knowingly risked when he accepted the plaintiff's demands in order to obtain immediate delivery of the automobile. It is evident that his loss occurred, not because of his reliance on any statements made by the plaintiff (who had made clear his unwilling-

ness to depend upon Patrick), but because of his reliance on the word of Patrick. The loss would not have occurred had the defendant taken the simplest precaution to protect himself, that of calling the plaintiff for authorization to release payment on the one check and stop payment on the other. The plaintiff is not estopped to assert his claim because the defendant has suffered a loss occasioned by his own carelessness or by his reliance on the word of a man whose credit he had been required to guarantee.

Since the evidence, viewed in the light most favorable to the defendant, was insufficient to establish a defense to the action, the court did not err in directing a verdict for the plaintiff.

The judgment is affirmed.

HILL, C. J., DONWORTH, WEAVER, and FOSTER, JJ., concur.

September 26, 1958. Petition for rehearing denied.

[1]Reported in 327 P. (2d) 427.